UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00147-GNS-HBB

**CELESTA BRYANT, et al.**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**VS.**

**MICHAEL RAULS, et al.**　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' motion to file an amended complaint, DN 29. Defendants Annett Holdings, Inc., d/b/a TMC, and Michael Rauls have responded in opposition at DN 33 and Plaintiffs have replied at DN 44.

### Nature of the Case

On April 20, 2023, Robert Tyler Bryant was involved in a collision with a commercial vehicle operated by Defendant Michael Rauls, whom Plaintiffs allege was employed by Defendant Annett Holdings, Inc., D/B/A TMC (DN 1-2, pp. 2-4). Bryant died as a result of injuries sustained in the collision (*Id.* at p. 3). Plaintiffs are the representatives of his estate and family members claiming loss of consortium (*Id.* at p. 2). For simplicity, both Defendants will be referred to as "TMC."

### Plaintiffs' Motion

Plaintiffs seek to add a claim against the original defendants and to add as new defendants Trimble, Inc., and Trimble MAPS, Inc. (DN 29, pp. 1-2). Plaintiffs allege that the Trimble entities provided defective navigation software that contributed to the collision (*Id.* at p. 2). The new claim

against TMC alleges negligence *per se* for violation of various state and federal regulations, including KRS 189.450, KRS 189.400, 49 C.F.R. § 392.2, and 601 KAR 1:005, relating to vehicle operation (*Id.*).

## Discussion

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires. In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). But the court "need not accept bare assertions of legal conclusions." *Id.* (citation omitted).

The Plaintiffs motion is timely filed under the current scheduling order (DN 27). TMC advances two arguments in opposition to the motion, contending that allowing amendment would be unduly prejudicial and the claim is barred as futile (DN 33).

1. Prejudice

TMC contends that it is prejudiced by Plaintiffs' assertion of the negligence *per se* claims because it has already conducted discovery on the claims asserted in the original complaint, and will be prejudiced by adding new claims at this time (DN 33, pp. 2-3). However, over three months remain before the fact discovery deadline expires. The Court is hard-pressed to discern how the amendment works an actual prejudice on TMC aside from requiring additional discovery. *See Basham v. Bae Sys. Land & Armaments L.P.*, No. 3:18-CV-808-RGJ, 2019 U.S. Dist. LEXIS 217456, at *8 (W.D. Ky. Dec. 18, 2019) (amendment of complaint two months in advance of discovery deadline was not "on the eve of the discovery cutoff" so as to constitute prejudice).

2. Futility

In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading could not withstand a Rule 12(b)(6) motion to dismiss. *See Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 490 (6th Cir. 2010); *Kottmyer v. Maas*, 436 F.3d 684, 691-692 (6th Cir. 2006); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). "The test, therefore, is whether the proposed amended pleading, with all the factual allegations accepted as true, states a claim for relief, not whether the claim is factually supportable or would be sufficient to withstand a motion for summary judgment." *Cato v. Prelesnik*, No. 1:08-CV-1146, 2010 U.S. Dist. LEXIS 15345, at *3-4 (W.D. Mich. Feb. 22, 2010) (citing *Rose*, 203 F.3d at 420-421); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

TMC contends that, insofar as the amended complaint asserts a claim against it for negligence *per se*, the claim is futile (DN 33, pp. 3-4). First, regarding the asserted violations of

federal regulation, TMC argues that Kentucky law does not recognize negligence *per se* claims based on such violations (*Id.* at p. 3) (citing *Waltenburg v. Jude Med., Inc.*, 33 F. Supp. 3d 818, 837 (W.D. Ky. 2014)). Turning to the state regulations at issue, TMC contends that Plaintiffs failed to state that the cited regulations are penal in nature, or that the Plaintiffs are within the class of persons intended to be protected by the statute, and thereby fails to satisfy the *Twombly* pleading standard (*Id.* at p. 4) (citing *Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 642 (W.D. Ky. 2018)).

Plaintiffs respond to TMC's argument that federal regulations do not form a basis under Kentucky law for a negligence *per se* claim by contending that the federal regulations in question have been adopted and incorporated into Kentucky's regulations (DN 34, p. 2) (referencing 601 KAR 1:005). As to TMC's contention that the proposed amended complaint is deficient in its allegations, Plaintiffs state that *Sims* is distinguishable on the facts because the plaintiff there relied on a definitional statute and the court held that statutory definitions are not penal statutes (*Id.* at p. 2). Plaintiffs fail to address, however, TMC's argument as to the sufficiency of their allegations.

"Under Kentucky law, to state a plausible negligence *per se* claim, a plaintiff must show that: (1) he falls within the class of persons a statute was intended to protect; and (2) the statute is penal in nature and provides no civil remedy." *Sims*, 349 F. Supp. 3d at 641 (citation omitted). Here, the Plaintiffs' proposed amended complaint alleges that Robert Tyler Bryant was among the class of persons whom the regulations were intended to protect and his injuries those of the sort intended to avoid (*See* 29-1 at ¶¶ 23, 24). However, as in *Sims*, the Plaintiffs fail "to make any statement regarding whether the cited statute is penal in nature or whether the statute provides for a civil remedy." *Sims*, 349 F. Supp. 3d at 642. As in *Sims*, the failure to make such an allegation

does not satisfy the pleading elements of *Twombly* and *Iqbal,* and the negligence *per se* claims against TMC cannot survive a motion to dismiss.

**WHEREFORE**, the Plaintiffs' motion to amend the complaint, DN 29, is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as regards adding new parties. It is **DENIED** regarding adding a new claim against Defendants Annett Holdings, Inc., d/b/a TMC, and Rauls.

H. Brent Brennenstuhl
United States Magistrate Judge

February 26, 2025

Copies: Counsel