UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00147-GNS-HBB

**CELESTA BRYANT**                                                                                                       **PLAINTIFF**

VS.

**MICHAEL RAULS, et al.**                                                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Plaintiffs' motion to file a second amended complaint (DN 46). Defendants Micheal Rauls and Annett Holdings, Inc. d/b/a TMC filed a Response in opposition at DN 47. Plaintiffs' Reply is at DN 48. Defendants Trimble, Inc., and Trimble MAPS, Inc. have not filed responses. The matter now stands submitted for ruling.

### Nature of the Case

Plaintiffs allege that on April 20, 2023, Rauls was working for TMC operating a truck and trailer, and that he attempted a left turn in a negligent manner, resulting in a collision and the death of Robert Tyler Bryant (DN 1-2, pp. 2-3). Plaintiffs amended their Complaint to add Trimble, Inc. and Trimble MAPS, Inc. as defendants, contending that Rauls was using a navigation device and software developed by those defendants which were defective and contributed to the collision (DN 29-1, p. 4).

The Plaintiffs also sought to amend their Complaint to assert claims against Rauls and TMC for negligence *per se* based upon alleged violations of various federal and state motor vehicle regulations (*Id.* at pp. 4-6). The Court denied that portion of the motion to amend the complaint,

reasoning that "Under Kentucky law, to state a plausible negligence per se claim, a plaintiff must show that: (1) he falls within the class of persons a statute was intended to protect; and (2) the statute is penal in nature and provides no civil remedy" (DN 35, p. 4) (quoting *Sims v. Atrium Med. Corp.*, 349 F. Supp. 3d 628, 641 (W.D. Ky. 2018) (citation omitted)).  The Court concluded the Plaintiffs' tendered amended complaint failed to allege the cited regulations were penal in nature and provided no civil remedy so as to satisfy the pleading standard under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (*Id.* at pp. 4-5).

<u>Plaintiffs' Motion to File a Second Amended Complaint</u>

Plaintiffs' present motion revisits their earlier effort to amend their complaint to allege claims of negligence *per se* against Rauls and TMC.  They contend that Rauls negligently stopped his commercial vehicle so as to block the left lane of the highway and impede the flow of traffic in violation of KRS 189.450 (DN 46-1, p. 3).  They also allege that he violated KRS 189.400 by attempting to execute his turn without required sight-distance for other drivers and that he attempted to turn and proceed in the opposite direction in an unsafe manner in violation of KRS 189.330 (*Id.*).  Finally, they allege that, in failing to operate his vehicle in accordance with Kentucky's laws and regulations, Rauls also violated 49 C.F.R. § 392, as adopted by Kentucky in 601 KAR 1:005 (*Id.*).  The Plaintiffs also allege that the statutes and regulations on which they rely are penal in nature and do not provide a civil remedy (*Id.* at p. 4), thus curing the deficiency identified in their earlier tendered First Amended Complaint.

Rauls and TMC respond in opposition, but only address the Plaintiffs' efforts to assert a claim for negligence *per se* for violation of 49 C.F.R. § 392.  The Defendants contend that Kentucky law does not recognize negligence *per se* claims based on violation of federal statutes or regulations (DN 47, p. 2) (citing *Waltenburg v. Jude Med., Inc.*, 33 F. Supp. 3d 818, 837 (W.D. Ky. 2014)).  They note that negligence *per se* is codified by KRS 446.070, which provides that "[a] person

injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." This, Defendants argue, does not extend to federal laws: "[i]t is well established that 'Kentucky Courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes and does not extend to federal statutes and regulations or local ordinances. . . '" (DN 47, p. 3) (quoting *Young v. Currans*, 289 S.W.3d 586, 589 (Ky. App. 2008)). The Defendants point out that in *Short v. Marvin Keller Trucking, Inc.*, 570 F. Supp. 3d 459, 466 (E.D. Ky. 2021) the Eastern District concluded Federal Motor Carrier Safety Regulations were not incorporated into Kentucky law by virtue of KRS 446.070 or by KRS 281.600(1), which directs the Department of Vehicle Regulation to apply the administrative and judicial interpretations of acts administered by the Federal Motor Carrier Safety Administration (DN 47, p. 3). Defendants further note another recent decision by the Eastern District of Kentucky, *Est. of Poe v. Majeed*, No. 23-142-DLB-CJS, 2024 U.S. Dist. LEXIS 29367, at *4-5 (E.D. Ky. Feb. 21, 2024), which held that KRS 446.070 does not serve to incorporate federal motor vehicle regulations into Kentucky law for purposes of a claim of negligence *per se* (DN 47, p. 4).

The Plaintiffs reply with another recent case from the Eastern District in which the court rejected an argument that Kentucky does not recognize negligence *per se* based on violation of federal law (DN 48, pp. 1-2). That opinion reasoned that "the Kentucky regulation 601 KAR 1:005 adopts 49 C.F.R. § 392.2 in its entirety which negates Defendants' argument that negligence per se based on a federal violation is inadequate." *Daniels v. Schick*, No. 5:22-157-KKC, 2024 U.S. Dist. LEXIS 9915, at *3 (E.D. Ky. Jan. 19, 2024).

Discussion

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted when justice so requires. In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice

3

to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation omitted).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). But the court "need not accept bare assertions of legal conclusions." *Id.* (citation omitted). "The test for futility. . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." *Rose*, 203 F.3d at 421.

"A negligence per se claim is 'merely a negligence claim with a statutory standard of care substituted for the common law standard of care.'" *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001) (citation omitted). The Plaintiffs' tendered second amended complaint asserts negligence *per se* claims predicated upon the violation of both state statutes related to motor vehicle operation and violation of federal motor carrier safety regulations. The Defendants' Response does not address the state statute-based claims and, as such, any opposition to that portion of the motion to amend the complaint is waived. *See Keys v. Dart Container Corp.*, No.

4

1:08-CV-00138-JHM, 2012 U.S. Dist. LEXIS 93755, at *19 (W.D. Ky. July 6, 2012) (non-moving party waives an argument by failing to address it in its response).

Turning to whether the Plaintiffs may maintain a negligence *per se* claim based on Federal Motor Carrier Safety Regulations, this Court has been clear that the general codification of common-law negligence *per se* under KRS 446.070 does not bring the FMCR into the fold of Kentucky law:

> KRS 446.070 codifies the common-law claim of negligence per se in Kentucky. "[T]he statute applies when the alleged offender violates a statute and the plaintiff comes within the class of persons intended to be protected by the statute." *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011) (citation omitted). However, "Kentucky courts have held that the 'any statute' language in KRS 446.070 is limited to Kentucky statutes and does not extend to federal statutes and regulations . . . ." *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2008) (citing *T & M Jewelry, Inc. v. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006); *Alderman v. Bradley*, 957 S.W.2d 264, 266-67, 44 9 Ky. L. Summary 5 (Ky. App. 1997)); *see also Pace v. Medco Franklin RE, LLC*, No. 1:12-CV-00132, 2013 U.S. Dist. LEXIS 88674, 2013 WL 3233469, at *2 (W.D. Ky. June 25, 2013). "The Kentucky General Assembly did not intend for KRS 446.070 to embrace the whole of federal laws and the laws of other states and thereby confer a private civil remedy for such a vast array of violations." *Hicks*, 189 S.W.3d at 530; *see also Infinity Energy, Inc. v. Henson*, No. 2016-CA-000518-MR, 2019 Ky. App. Unpub. LEXIS 374, 2019 WL 2246607, at *7 (Ky. App. May 24, 2019) (dismissing a negligence per se claim based, in part, on the FMCSR).

*Easterling v. Jones*, No. 1:20-CV-00182-GNS, 2021 U.S. Dist. LEXIS 83210, at *5 (W.D. Ky. Apr. 30, 2021). Here, however, the Plaintiffs do not rely on KRS 446.070 as the basis for asserting their negligence *per se* claim under the federal regulations. Instead, Plaintiffs rely on 601 KAR 1:005 (DN 46-1, p. 3). A key distinction between KRS 446.070 and 601 KAR 1:005 is that the former casts an immense "any statute" net, whereas the latter adopts specific portions of the FMCSR.

601 KAR 1:005 provides in pertinent part that commercial motor vehicles and operators meeting the definitions established in 49 C.F.R. § 390.5 are governed by specified provisions of

the Motor Carrier Safety Regulations. 601 KAR 1:005 at § 2. 49 C.F.R. § 392, governing the driving of commercial motor vehicles, is among the Motor Carrier Safety Regulations expressly adopted by the regulation. *See* 601 KAR 1:005 at § 2(8). Although the court did not elaborate on its reasoning, *Daniels* agreed that, by adopting 49 C.F.R. § 392, 601 KAR 1:005 made the federal regulation actionable for a claim of negligence *per se*. 2024 U.S. Dist. LEXIS 9915 at *3. Moreover, in *McGuffey v. Hamilton*, the Kentucky Court of Appeals applied a standard of care established by 49 C.F.R. § 396.5, reasoning that "Kentucky adopted large portions of the FMCSR for commercial motor vehicles, including 49 C.F.R. § 396. *See* 601 Kentucky Administrative Regulations (KAR) 1:005 §2(11)." No. 2018-CA-001644-MR, 2020 Ky. App. Unpub. LEXIS 597, at *22 (Ky. App. Sept. 4, 2020).

Finally, and as something of an aside, the undersigned notes the case of *Tassin v. BNK Transp., Inc.*, No. 3:19-CV-000685-JHM, 2019 U.S. Dist. LEXIS 88525 (W.D. Ky. May 28, 2019). In that case the court agreed that KRS 446.070 did not support a negligence *per se* claim based on federal motor carrier regulations. *Id.* at *5. The court went on to note, however, that the Plaintiff had failed to cite to "the Kentucky administrative regulation adopting portions of the FMCSR, the relevant enabling statute, or the Kentucky statute providing the claim for negligence per se." *Id.* at *6. The court concluded with what was essentially an invitation for the Plaintiff to re-file his motion "to amend his Complaint to allege such a negligence per se claim based on the violation of a Kentucky regulation adopting the FMCSR. . . ." *Id.* at *7.

6

**WHEREFORE**, in light of the foregoing, it is not clear that the Plaintiffs' claims for negligence *per se* based upon violation of federal motor carrier safety regulations could not withstand a Rule 12(b)(6) motion to dismiss and, consequently, the Plaintiffs' motion to file a Second Amended Complaint, DN 46, is **GRANTED**.

*signature*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

May 30, 2025

Copies: Counsel