UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00147-GNS

CELESTA BRYANT, individually and
as Administratrix of the Estate of
Robert Tyler Bryant, et al.                                                              PLAINTIFFS

v.

MICHAEL RAULS et al.                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Motions to Dismiss filed by Defendants Michael Rauls and Annett Holdings, Inc. (DN 51), and by Defendants Trimble, Inc. and Trimble MAPS, Inc. (DN 53). The motions are ripe for adjudication.

I.      **STATEMENT OF FACTS AND CLAIMS**

Plaintiff Celesta Bryant ("Bryant") alleges that Defendant Michael Rauls ("Rauls") was driving a semitruck east on U.S. Highway 68 in Logan County, Kentucky, when he attempted to turn and stopped the truck, partially blocking the westbound lanes of the highway. (Am. Compl. ¶¶ 11-12, DN 37). Bryant's husband, Robert Tyler Bryant, collided with the truck and was killed. (Am. Compl. ¶¶ 13, 44).

Bryant brought this action against Rauls and his employer, Annett Holdings, Inc. d/b/a TMC ("TMC") (jointly, "Trucking Defendants"), on behalf of herself, her husband's estate, and the couple's two minor children. (Compl. ¶¶ 1-6). She asserts, among other negligence-related claims, a claim for negligence per se against Rauls and against TMC under a theory of respondeat superior. (2d Am. Compl. ¶¶ 10-24, DN 50). Bryant also asserts negligence-related claims against Trimble, Inc. and Trimble MAPS, Inc. (jointly, "Trimble Defendants"), the distributors and

1

manufacturers of the GPS unit Rauls was allegedly using at the time of the accident. (Am. Compl. ¶¶ 14-15, 29-42).

The Trucking Defendants moved to dismiss Bryant's negligence per se claim for failure to state a claim. (Defs.' Mot. Dismiss 1, DN 51 [hereinafter Trucking Defs.' Mot. Dismiss]). The Trimble Defendants moved to dismiss all claims against them due to lack of personal jurisdiction and failure to state a claim. (Defs.' Mot. Dismiss 1, DN 53).

## II.     DISCUSSION

### A.     Trucking Defendants

#### 1.     *Failure to State a Claim*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (internal citation omitted) (quoting *Twombly*, 550 U.S. at 557).

KRS 446.070 codifies the common-law claim of negligence per se in Kentucky. The statute allows a plaintiff to substitute the common-law standard of care typically used in negligence claims with a statutory standard, if the following requirements are met: (1) the statute in question must be penal in nature or provide no inclusive civil remedy; (2) the plaintiff must be within the class of persons the statute was intended to protect; and (3) the plaintiff's injury must be of the type the statute was designed to prevent. *Hargis v. Baize*, 168 S.W.3d 36, 40 (Ky. 2005); *Carman v. Dunaway Timber Co.*, 949 S.W.2d 569, 570 (Ky. 1997); *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2009) (citing *Hargis*, 168 S.W.3d at 40); *Lewis v. B & R Corp.*, 56 S.W.3d 432, 438 (Ky. App. 2001).

In Kentucky, negligence per se claims must be based on Kentucky law. *Gonzalez v. City of Owensboro*, No. 4:14-CV-49-JHM, 2015 WL 4594505, at *8 (W.D. Ky. July 30, 2015) (citing *Young*, 289 S.W.3d at 589). This includes Kentucky regulations which carry the force and effect of statute. *Stiltner v. Bio-Med. Applications of Ky., Inc.*, No. 16-16-ART, 2016 WL 3249158, at *2 (E.D. Ky. June 10, 2016) ("A negligence per se claim is like an ordinary negligence claim except that the plaintiff alleges that someone violated a statute or regulation rather than a common-law duty of care." (citation omitted)); *Centre Coll. v. Trzop*, 127 S.W.3d 562 (Ky. 2003) ("In Kentucky, administrative regulations do have the force and effect of law when they have been duly promulgated and are consistent with the enabling legislation." (citation omitted)). Negligence per se, however, cannot be based on a federal statute or regulation. *Young*, 289 S.W.3d at 589 (citing *T & M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006); *Alderman v. Bradley*, 957 S.W.2d 264, 266-67 (Ky. App. 1997)). "The Kentucky General Assembly did not intend for KRS 446.070 to embrace the whole of federal laws and the laws of other states and thereby confer a private civil remedy for such a vast array of violations." *Hicks*, 189 S.W.3d at 530.

The Trucking Defendants seek dismissal of Bryant's negligence per se claim against them to the extent that it is based on 49 C.F.R. § 392 and 601 KAR 1:005, arguing that the claim is based on a federal regulation and therefore disallowed under Kentucky's negligence per se statute. (Trucking Defs.' Mot. Dismiss 1). Bryant responds that because the Kentucky regulations adopt Section 392, she is bringing the claim under state, not federal, law. (Pl.'s Resp. Defs.' Mot. Dismiss 2-5, DN 52 [hereinafter Pl.'s Resp. Trucking Defs.' Mot. Dismiss]).

The Trucking Defendants cite two lines of cases in seeking dismissal of Bryant's negligence per se claim. The first line is distinguished from the present action because the plaintiffs in those cases attempted to bring negligence per se claims under a federal law or regulation alone. *See Hicks*, 189 S.W.3d at 530 (affirming dismissal of negligence per se claim because it was based on federal law); *Young*, 289 S.W.3d at 588-89 (affirming dismissal of negligence per se claim because it was based on federal law); *Est. of Poe v. Majeed*, No. 23-142-DLB-CJS, 2024 WL 716057, at *2 (E.D. Ky. Feb. 21, 2024) (dismissing negligence per se claim because plaintiff cited to only a federal regulation). The second line is distinguished because, while the plaintiffs did argue in those cases that Kentucky law adopted some portion of federal law or regulation, they did not cite to a sufficiently specific adoption or any adoption at all. *See Short v. Marvin Keller Trucking, Inc.*, 570 F. Supp. 3d 459, 465-66 (E.D. Ky. 2021) (dismissing negligence per se claim because cited Kentucky statute "adopting" the relevant federal regulation was "broad and vague"); *Tassin v. BNK Transp. Inc.*, No. 3:19-CV-00064, 2019 WL 2271163, at *2 (W.D. Ky. May 28, 2019) (dismissing negligence per se claim because plaintiff did not cite to Kentucky adoption of federal regulation in his complaint).

Bryant's negligence per se claim is different because she cites in the 2nd Amended Complaint to a narrow and specific adoption of federal regulations by the Kentucky regulation.

4

(2d Am. Compl. ¶¶ 15-16).  In particular, 601 KAR 1:005 § 2 explicitly adopts specific provisions of the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 392, which forms the basis for Bryant's negligence per se claim.  601 KAR 1:005 § 2(8).  When one statute references and adopts another by name, the referenced statute is effectively "cut[] and paste[d]" into the text of the referencing statute.  *See Brown v. United States*, 602 U.S. 101, 116 (2024) (quoting *Jam v. Int'l Fin. Corp.*, 586 U.S. 199, 209-10 (2019)).  Accordingly, 49 C.F.R. § 392 should be treated as part of Kentucky's regulations and therefore can support Bryant's negligence per se claim.

Our sister court recognized this result in *Daniels v. Schick*, No. 5:22-CV-157-KKC, 2024 WL 218112 (E.D. Ky. Jan. 19, 2024).  In that case, the court allowed the plaintiff to amend her complaint to add a negligence per se claim based on the same regulatory scheme at issue here.  *Id.* at *2.  The court found that Kentucky's adoption of the federal regulation "negate[d] [the] [d]efendants' argument that negligence per se based on a federal violation is inadequate."  *Id. Daniels* was followed by this Court when it allowed Bryant to file the Second Amended Complaint to add a negligence per se claim.  (Mem. Op. & Order 5, DN 49).  Accordingly, Bryant's negligence per se claim can continue, and the Trucking Defendants' motion to dismiss is denied.

### B.  **Trimble Defendants**

#### 1.  *Lack of Personal Jurisdiction*

The Trimble Defendants seek dismissal for lack of personal jurisdiction.  (Defs.' Mem. Supp. Mot. Dismiss 4-7, DN 53-1 [hereinafter Trimble Defs.' Mem. Supp. Mot. Dismiss).  "[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits."  *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction

5

over . . . the parties (personal jurisdiction)."  (citation omitted)).  "To exercise [personal] jurisdiction over an out-of-state individual, a federal court must satisfy the long-arm law of the [s]tate and federal due process." *Power Invs., LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019) (citing *Miller v. AXA Winterhur Ins. Co.*, 694 F.3d 675, 679 (6th Cir. 2012)).

Plaintiffs have the burden of establishing personal jurisdiction, but they "need only make a prima facie showing . . . ." *Moore v. Irving Materials, Inc.*, No. 4:05-CV-184, 2007 WL 2081095, at *2 (W.D. Ky. July 18, 2007) (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998)); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller*, 504 F.2d at 930). "When a district court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Moore*, 2007 WL 2081095, at *2.

### a. Kentucky Long-Arm Statute

Federal courts in diversity cases apply the law of the state in which they sit to determine whether personal jurisdiction exists over a non-resident defendant. *See Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988)).  Kentucky's long-arm statute, KRS 454.210, extends jurisdiction only if "the cause of action 'arises from' conduct or activity of the defendant that fits into one of the statute's enumerated categories." *KFC Corp. v. Wagstaff*, 502 B.R. 484, 495 (W.D. Ky. 2013) (quoting *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)).  If the non-resident defendant's conduct does not fall into one of these categories, then the

defendant is not subject to personal jurisdiction in Kentucky. *Id.* In relevant part, the long-arm statute provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
> (a) Transacting any business in this Commonwealth;
> (b) Contracting to supply services or goods in this Commonwealth;
> (c) Causing tortious injury by an act or omission in this Commonwealth;
> (d) Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth; [or]
> (e) Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume, or be affected by, the goods in this Commonwealth, if he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth . . . .

KRS 454.210(2)(a)-(e).

The words "arising from" in the long-arm statute significantly limit the extension of jurisdiction. *See A.M. by Next Friend Cooper v. Phila. Indem. Ins. Co.*, No. 3:21-CV-364-GNS, 2022 WL 288192, at *2 (W.D. Ky. Jan. 31, 2022); *Lechleiter v. SEI/Aaron's, Inc.*, No. 3:15-CV-00694-GNS, 2015 WL 9275744, at *2-3 (W.D. Ky. Dec. 18, 2015). Personal jurisdiction cannot be extended to a non-resident simply because it engaged in one of the enumerated activities; a plaintiff "must also show that his claim is one that arises from the conduct or activities described in the [long arm statute]." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 55 (Ky. 2011). "This 'critical limitation on the statute's operation' ensures that the Court cannot exercise personal jurisdiction over a non-resident merely because [it] has engaged in conduct that fits within the enumerated categories." *A.M. by Cooper v. Va. Council of Churches, Inc.*, No. 3:17-CV-

00539-RGJ, 2018 WL 4472734, at *3 (W.D. Ky. Sept. 18, 2018) (quoting *Caesars Riverboat Casino, LLC*, 336 S.W.3d at 55).

In *Caesars*, the plaintiff, a Kentucky resident, travelled to an Indiana casino. *Caesars Riverboat Casino, LLC*, 336 S.W.3d at 53. While at the casino, the plaintiff slipped and fell on butter at the buffet. *Id*. The plaintiff was injured and sued the defendant casino in Kentucky. *Id*. The Kentucky Court of Appeals held that the casino's significant activity aimed at soliciting Kentuckians to travel to gamble supported the extension of personal jurisdiction. *Id.* at 54. The Kentucky Supreme Court disagreed, holding that Kentucky's courts could not exercise personal jurisdiction over the casino because there was no "*reasonable and direct* nexus between the conduct that caused [the plaintiff's] injury and [the casino's] business activities in Kentucky." *Id.* at 59. Important to the Supreme Court's decision was the attenuated connection between the casino's marketing in Kentucky and its alleged negligence that caused the plaintiff's injuries—the butter on the floor. *Id.*

The facts in this case, however, are distinguished from those in *Caesars* because the Trimble Defendants' contacts with Kentucky are directly tied to their alleged negligence. The Trimble Defendants allegedly provided Rauls with unsafe directions that caused an accident in Kentucky. (Am. Compl. ¶¶ 14-15, 31). Bryant implicitly argues that providing unsafe directions to Rauls through the GPS device constituted an act—i.e., supplying navigation and routing information—in Kentucky which caused an injury and therefore personal jurisdiction should be extended under KRS 454.210(2)(b)-(c). (Am. Compl. ¶¶ 14-15, 31; Pl.'s Resp. Defs.' Mot. Dismiss 4-6, DN 56 [hereinafter Pl.'s Resp. Trimble Defs.' Mot. Dismiss]). Viewing the allegations most favorably to Bryant, the Trimble Defendants provided interactive maps of Kentucky's roadways, directing Rauls to use specific routes to travel through Kentucky. (Am.

8

Compl. ¶¶ 14-15). Further, unlike those in *Caesars*, the alleged injuries in this case occurred in Kentucky, due to the precise route Rauls followed utilizing the Trimble GPS device. Accordingly, Bryant's claim against the Trimble Defendants arises from their navigation services and GPS routing in Kentucky and the exercise of personal jurisdiction in this instance comports with Kentucky's long-arm statute.

### b. Due Process

Kentucky's long-arm statute is not the end of the inquiry: the exercise of personal jurisdiction must also comply with federal due process. *Power Invs.*, 927 F.3d at 917 ("To exercise jurisdiction over an out-of-state individual, a federal court must satisfy the long-arm law of the [s]tate *and* federal due process." (emphasis added) (citing *Miller*, 694 F.3d at 679)). Bryant concedes that Kentucky courts do not have general personal jurisdiction over the Trimble Defendants, so the Court will only examine the issue of specific personal jurisdiction. (Pl.'s Resp. Trimble Defs.' Mot. Dismiss 3).

The Sixth Circuit uses a three-part test to determine if the exercise of specific personal jurisdiction complies with federal due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

The Trimble Defendants argue that the first requirement—purposeful availment—is not met. (Defs.' Reply Mot. Dismiss 2-4, DN 57 [hereinafter Trimble Defs.' Reply Mot. Dismiss]). Purposeful availment is the "'constitutional touchstone' of personal jurisdiction . . . ." *Neogen*

*Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). As the Sixth Circuit has explained:

> "'[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities.'" "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a ["]substantial connection["] with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" The emphasis in the purposeful availment inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state." If a plaintiff can demonstrate purposeful availment, the absence of physical contacts with the forum state will not defeat personal jurisdiction over a non-resident defendant.

*Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478-79 (6th Cir. 2003) (first and second alterations in original) (internal citations omitted) (citations omitted).

The Trimble Defendants have purposefully availed themselves of the privilege of doing business in Kentucky and therefore should reasonably anticipate being haled into court in Kentucky. While "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state[,]" the Trimble Defendants did more than merely place the GPS unit into the stream of commerce. *Bullock v. Otto Imps.*, No. 4:19-CV-00149-JHM-HBB, 2020 WL 5803517, at *2 (W.D. Ky. Sept. 3, 2020) (quoting *Bridgeport Music*, 327 F.3d at 479). The GPS unit was specifically programmed with maps of Kentucky's roadways and, on the day of the accident giving rise to this case, allegedly provided Rauls with directions to a location in Kentucky using Kentucky's roadways. (Am. Compl. ¶¶ 14-15). Trimble GPS units are presumably providing directions within Kentucky on a regular basis, constituting more than isolated or attenuated contact. These are sufficient overt actions connecting

10

the Trimble Defendants to Kentucky. Accordingly, it is foreseeable that the Trimble Defendants could be haled into court in Kentucky in connection with providing GPS directions within the state.

Second, the Trimble Defendants deny that this action arises from their contacts with Kentucky. (Trimble Defs.' Reply Mot. Dismiss 4). Again, the Trimble Defendants' contact with the state consists of providing GPS maps and routing guidance via their GPS units. Bryant alleges that the Trimble Defendants provided deficient routing, causing the accident in which her husband was killed. (Am. Compl. ¶¶ 14-15). Accordingly, this action arises from the Trimble Defendants' contacts with Kentucky.

Third, the Trimble Defendants argue that the exercise of personal jurisdiction in this instance would be unreasonable. (Trimble Defs.' Reply Mot. Dismiss 4-5). "Where, as here, 'the first two criteria are met . . . only the unusual case will not meet this third criterion.'" *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 552 (6th Cir. 2016) (alteration in original) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1461 (6th Cir. 1991)). In analyzing fairness, the Sixth Circuit considers "a number of factors, including: '(1) the burden on the defendant; (2) the interest of the forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the policy.'" *Id.* (quoting *Air Prods.*, 503 F.3d at 554-55).

The Trimble Defendants assert that it was not foreseeable that they could be subject to suit and that they would be substantially burdened by continued litigation in Kentucky. (Trimble Defs.' Reply Mot. Dismiss 4-5). The foreseeability issue is addressed in the first factor. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996). The Trimble Defendants do not provide any detail about the burden of continued litigation in Kentucky, other than the bare assertion that it would be substantial. (Trimble Defs.' Reply Mot. Dismiss 5). "Because there is

11

an inference of reasonableness when the first two . . . prongs are satisfied, and because there are no considerations put forward by [the Trimble Defendants] to overcome or contradict that inference, the exercise of jurisdiction is reasonable under the circumstances of this case." *AlixPartners*, 836 F.3d at 552-53 (quoting *Air Prods.*, 503 F.3d at 555).

### c. Jurisdictional Discovery

Because the Court has found that the Trimble Defendants are subject to personal jurisdiction in Kentucky, Bryant's request for jurisdictional discovery is denied.

### 2. *Failure to State a Claim*

The Trimble Defendants also assert that Bryant's claims against them are time-barred and therefore seek to dismiss these claims under Fed. R. Civ. P. 12(b)(6). Bryant brought three claims against the Trimble Defendants for the alleged defects in the GPS unit: strict liability, failure to warn, and negligence. (Am. Compl. ¶¶ 29-42). The Trimble Defendants argue that these claims are time-barred because they are brought under Kentucky's Product Liability Act and are accordingly subject to a one-year statute of limitations. (Trimble Defs.' Mem. Supp. Mot. Dismiss 7-8).

First, Bryant is bringing claims against the Trimble Defendants partially on behalf of Robert Bryant's minor children. (Am. Compl. ¶¶ 49-50; Pl.'s Resp. Trimble Defs.' Mot. Dismiss 9). Kentucky law tolls the statute of limitations for claims held by minors until they reach the age of majority. KRS 413.170(1); *Jones v. Louisville/Jefferson Cnty. Metro Gov't*, 482 F. Supp. 3d 584, 592 (W.D. Ky. 2020) (citing KRS 413.170(1)); *Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740, 752-53 (E.D. Ky. 2011). Accordingly, the claims Bryant brings on behalf of Robert Bryant's minor children are not time-barred.

Second, while Bryant acknowledges that product liability actions are generally subject to a one-year statute of limitations, she argues that her claims are subject to Kentucky's Motor Vehicle Reparations Act ("MVRA"). (Pl.'s Resp. Trimble Defs.' Mot. Dismiss 9-10). The MVRA "sets the applicable limitations period for claims arising out of a motor vehicle accident." *Wilson v. Butzin*, 854 F. App'x 682, 685 (6th Cir. 2021) (citing *Interlock Indus., Inc. v. Rawlings*, 358 S.W.3d 925, 927-28 (Ky. 2011); *Atl. Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204, 205 (6th Cir. 1996)). If the MVRA applies, then "an action for tort liability may be commenced not later than two (2) years after the injury, or the death, or the date of issuance of the last basic or added reparation payment made by any reparation obligor, whichever later occurs." KRS 304.39-230(6). Robert Bryant allegedly died on April 20, 2023, and the last basic reparation payment was made on June 22, 2023. (Pl.'s Resp. Trimble Defs.' Mot. Dismiss 9; Pl.'s Resp. Defs.' Mot. Dismiss Ex. 5, DN 56-5). Bryant filed her amended complaint naming the Trimble Defendants as parties on February 27, 2025. (Am. Compl.).

The MVRA's extended statute of limitations does not apply to *all* claims involving a motor vehicle. *Interlock Indus.*, 358 S.W.3d at 927-28. The extension applies "with respect to accidents occurring in this Commonwealth and arising from the ownership, maintenance or *use of a motor vehicle* . . . ." *Id.* (internal quotation marks omitted) (quoting *Bailey v. Reeves*, 662 S.W.2d 832, 833 (Ky. 1984)). The Kentucky Supreme Court uses a two-part test to determine whether a claim falls under the MVRA. *Richardson v. Rose Transp., Inc.*, No. 5:11-CV-317-KKC, 2013 WL 6176027, at *2 (E.D. Ky. Nov. 22, 2013) (citing *State Farm Mut. Auto. Ins. Co. v. Rains*, 715 S.W.2d 232, 233 (Ky. 1986)). First, the injured persons must be "motor vehicle accident victims . . . ." *Rains*, 715 S.W.2d at 233. Second, the injuries must arise "out of the use of a motor vehicle." *Id.* The Trimble Defendants do not appear to dispute that Robert Bryant was a motor

13

vehicle accident victim. Instead, they focus on the second part of the test and argue that his injuries did not arise out of the use of the motor vehicle. (Trimble Defs.' Reply Mot. Dismiss 6).

"Use of a motor vehicle" is defined by the MVRA as "any utilization of the motor vehicle as a vehicle including occupying, entering into, and alighting from it." KRS 304.39-020(6). Use does not include: "(a) [c]onduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles unless the conduct occurs off the business premises; or (b) [c]onduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into, or alighting from it." *Id.* The key inquiry under the second part of the test is "the causal connection between use of the vehicle and the injury." *Morell v. Star Taxi*, 343 F. App'x 54, 60 (6th Cir. 2009).

The Trimble Defendants contend that because the GPS unit did not become defective because of a motor vehicle accident, Robert Bryant's injuries did not occur as a result of an accident involving a motor vehicle. (Trimble Defs.' Reply Mot. Dismiss 6). The Trimble Defendants rely on this Court's holding in *Childress v. Interstate Battery Systems of America, Inc.*, No. 1:09-CV-54-M, 2010 WL 600023 (W.D. Ky. Feb. 18, 2010), to support their argument. (Trimble Defs.' Reply Mot. Dismiss 6). In *Childress*, the plaintiff noticed "the distinct odor of battery fumes emanating from his vehicle." *Childress*, 2010 WL 600023, at *1. The plaintiff disconnected his car battery and carried it into his garage where it then exploded, injuring him. *Id.* This Court held that the plaintiff's injuries did not arise from the use of a motor vehicle because he was not "injured while using his truck *as a vehicle*." *Id.* at *3 (emphasis added). The plaintiff was not injured while driving, nor was he injured in attempting to make his vehicle drivable following a temporary defect experienced away from home. *Id.* at 4. Because the plaintiff was injured in the process of examining his vehicle battery at his home after he had removed the battery

14

from his vehicle and not as part of an attempt to perform roadside repairs, he was not covered by the MVRA. *Id.*

The facts in this instance are distinguishable from those in *Childress*. Robert Bryant was allegedly injured by Rauls' truck while Robert Bryant was driving—operating his vehicle as a vehicle. (Am. Compl. ¶ 11). While the battery in *Childress* was a discrete, removable component of the plaintiff's vehicle, *Childress* does not stand for the conclusion that an accident caused by a discrete removable element of the vehicle can never be covered by the MVRA. *Childress*, 2010 WL 600023, at *4. Instead, this Court in *Childress* drew a line between active use and non-use of the vehicle at the time of the injury. *Id.* Rauls and Robert Bryant were both operating vehicles at the time of the accident. This operation, including Rauls' use of the GPS unit, allegedly caused Robert Bryant's injuries and death. Accordingly, Bryant's claims brought on behalf of Robert Bryant's estate are covered by the MVRA's two-year statute of limitations and are not time-barred.

The MVRA, however, does not apply to Bryant's consortium claim. The Kentucky Supreme Court has held that the MVRA's two-year statute of limitations does not apply to a spouse's loss of consortium claim, even if it arises out of a motor vehicle accident. *Floyd v. Gray*, 657 S.W.2d 936, 938-39 (Ky. 1983) ("Loss of consortium is not a recoverable injury within the purview of the MVRA."); *Bailey*, 662 S.W.2d at 835 (citing *Floyd*, 657 S.W.2d 936); *T & J Land Co. v. Miller*, 701 S.W.3d 380, 385 (Ky. 2024) (citing *Bailey*, 662 S.W.2d at 835). Accordingly, the Trimble Defendants' motion is granted with respect to Bryant's loss of consortium claim and denied with respect to Bryant's other claims.

### III.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.     Defendants' Motion to Dismiss (DN 51) is **DENIED**.

15

   2.  Defendants' Motion to Dismiss (DN 53) is **GRANTED IN PART** and **DENIED IN PART**.

   3.  Plaintiff's loss of consortium claim against the Trimble Defendants is **DISMISSED WITHOUT PREJUDICE**.

**Greg N. Stivers, Judge**
**United States District Court**
March 4, 2026

cc: counsel of record